Duer, J.,
delivered the opinion of the court.
Whether the testimony of W. L. Pickering, the husband of the lady for whose benefit as a cestui que trust this suit is brought, was properly rejected by the judge at special term, is the only question necessary to be considered. This evidence, if admitted, establishes the plaintiff’s case, and if rejected, leaves it wholly ■unsustained by proof.
This court has decided that the rule of the common law, which prohibits husbands and wives from being witnesses for or against each other has not been repealed, or in any manner affected by the provisions of the code. (Erwin v. Smallen, 2 Sand. Sup. C. R. 340.) The supreme court in the third district has made a similar decision, (Pillow v. Bushnell, 5 Barb. S. C. *600 Rep. 156,) and we little expected that the question which these decisions involve, would again be raised.
It is true, that with the exception of those who are parties to the suit, or for whose immediate benefit it is brought or defended, the interest of a person offered as a witness, is no longer a ground of exclusion, and if the rule of the common law to which we have referred, rested solely upon the ground of interest, it might justly be considered as abolished; but such is not the foundation of the rule. It is founded, not upon the interest of the witness, but upon reasons of public policy, and these reasons so manifestly sound and just, that we are not at all disposed to relax the obligation or narrow the application of the rule to which they have given rise. On the contrary, we must hold it to be applicable in every case, in which the admission of the evidence has a tendency to produce the mischievous consequences which the wisdom of the law, in adopting the rule, has designed to prevent, namely, the interruption of domestic peace and harmony, and the destruction of that unreserved confidence which the marriage relation implies and requires. The peace and good order of society, the real strength of a nation, and the stability of its government, spring from the charities and the virtues of domestic life, and these will be found to vanish in the proportion in which the bonds of mutual trust and mutual affection, that should unite husband and wife, are severed or impaired. The discord and distrust that separate the parents are sure to reach the children. They lose their reverence for their parents, and their sympathy with each other, and the thoughts and feelings that should endear and sanctify their home, if not wholly unknown, are soon extinguished and forgotten. Hence the hardship that may result to individuals in particular cases from the operation of the rule, is not to be compared with the evils that would flow upon society, should the safeguard it has provided be overthrown .or abandoned. It may indeed be said, that these consequences are only to be apprehended, when it is against each other that husbands and wives are admitted to testify; but without adverting to other considerations, it. is a conclusive reply, that if the testimony, *601 ■when favorable, is to be received, when adverse, it cannot be rejected. Such a distinction would be an anomaly in the law, and would, moreover, be a direct temptation to perjury,-and a pregnant source of injustice.
It was, however, contended by the learned counsel of the plaintiff, that although the rule of the common law may not have been changed, yet it is in truth only applicable when the husband or wife, for or against whom the testimony is offered, is a party to the suit, and that in all other cases in which the evidence has been rejected, the interest of the witness has been the sole ground of its exclusion; but we do not at all hesitate in rejecting such a limitation of the rule, not only as inconsistent with the principle upon which it is founded, but as plainly contradicted by many decisions. In Hosack v. Rogers, (8 Paige, 242,) the wife was not .a party to the suit, and had only an eventual interest in a fund created primarily for the benefit of creditors, yet the testimony of the husband, whose interest was contingent and barely possible, so far as it tended to enlarge the fund, was struck out by Chancellor Walworth as plainly incompetent. In Burrell v. Bull, (8 Sand. Chy. R. Rep. 15,) the bill was filed by the trustee of a married woman and related to her separate estate, yet the husband, who, it was admitted, had no interest whatever, present or future, vested or contin- • gent, was excluded as a witness by the vice-chancellor, upon the sole ground of public policy.
The strongest case, and that which meets and refutes the entire argument on the part of the plaintiff is, Davis v. Dunwoody, (4 Term R. 678.) It was an action of trespass against the sheriff, brought by the trustee of a married woman to recover the value of certain goods which the defendant had seized, under an execution against the husband. On the trial, the husband was offered ,as a witness to prove that the goods were not his property, but were a part of those included in the settlement, and to which the plaintiff had, therefore, a legal title, and he was admitted by the judge upon the ground that it was not in favor of, but against his own interest that he was called to testify, since the value of the goods, if retained by the *602 sheriff, would be applied to the satisfaction of his own debt. Upon the testimony of the husband, the plaintiff obtained a verdict, but the court of King’s Bench set it aside and granted a new trial, without hearing the counsel for the defendant; and Lord Kenyon and Mr. J. Buller concurred in saying that “ independently of the question of interest, it is now considered a settled principle of law that husbands and wives cannot in any case be admitted as witnesses for or against each other.”
We are now required to overthrow a principle, which more than half a century ago these eminent judges considered as settled, and to create an exception from a rule, which, with no doubt or hesitation, they laid down as universal. To such a request, we have neither the disposition, nor, as we understand our duties, the power to accede. (See Langley v. Fisher, 9 Lond. Jur. 837, S. C. 14 Law Jour. 102; Snyder v. Snyder, 6 Binney, 483.) Although we must hold that the law is established and certain that the husband cannot be a witness for or against his wife in any suit touching her separate estate, whether she is a party to the suit or not; and vice versa, that she cannot be a witness for or against her husband in any suit in which he is directly interested; yet we are far from asserting that the positions upon which the plaintiff’s counsel relied are wholly destitute of authority, and certainly not of the semblance of authority.
Mr. Peake, in his law of evidence, has said, (Peake’s Ev. 128,) that in civil suits between third parties, the wife may be a witness to charge her husband, and in Fitch v. Hill, (11 Mass. 286,) this observation seems to have been understood by the supreme court of Massachusetts as meaning that the rule of exclusion is limited to the cases in which the husband or wife is a party to the suit. We doubt whether such was the meaning of Mr. Peake, and if it were, his observation is certainly not sustained by the single case to which he refers, (Williams v. Johnson, 2 Strange, 1041.) In that case the plaintiff sought to recover the value of certain articles which had been delivered to the wife of defendant, and the mother of the wife was admitted to prove that the articles had been delivered, not upon the credit of the *603 defendant, but upon that of ber own husband. As her husband, however, was neither a party to the suit, nor interested in the result, it is manifest that the effect of her testimony was not to charge or in any manner prejudice him, but simply to discharge the defendant. It is true her evidence might have led to a suit against her husband, but in such a suit.she could not have been a witness, nor could evidence of her former declaration, although under oath, have been received. It cannot, therefore, be said that she was a witness against her husband, within the true meaning of the rule which excludes such testimony.
Much reliance was placed on the modern case of Abercrombie v. Hickman, (8 Adolph, and Ellis, 683,) in which it was alleged that the court of King’s Bench held the husband to be a competent witness in behalf of his wife, on the ground that if he was interested at all, his interest was only contingent; but upon an attentive examination of the case, we are satisfied that the true ground of the decision was, not merely that the husband had no interest, but that there was an entire deficiency of proof as to the interest of the wife herself. She was entitled to an annuity, her right to which was not in dispute, and it did not appear that the sufficiency of the fund upon which the annuity was charged, was at all dependent upon a recovery in the suit. For aught that appeared, her interest could not be affected, whatever judgment might be given. The husband, therefore, was not admitted as a witness for his wife.
So far as we have been able to discover, the only decisions that give any countenance to the argument on the part of the plaintiff, are the two cases in Massachusetts, of Richardson v. Learned, (10 Pickering, 261,) and Dyer v. Homer, (22 Pickering, 251,) and these, it cannot be denied, bear a very close analogy to the present. In each of these cases a husband was admitted to testify, in effect, on behalf of his wife, who, as a cestui que trust, was directly interested in the property or fund, which was the subject in dispute, and he was admitted upon the ground that his personal interest, if any he had, was remote and contingent. It is a circumstance, however, which greatly detracts from the consideration to which these cases might be otherwise *604 entitled, that in eacb of them the question of the interest of the husband, is that which was alone'considered by the court, without the slightest allusion to the reasons of policy upon which, by the consent of all the English authorities, the rule of exclusion is in reality founded. Those reasons may have been overlooked or forgotten, but it cannot be said that they were deliberately rejected. If, however, without insisting upon this remark, we admit that Richardson v. Learned, and Dyer v. Homer, are evidence of the law as it now exists in Massachusetts, we are constrained to add, that they are a very plain departure from the law, which, in this state, has invariably been followed, and to which we hold ourselves bound to adhere. That law is, that husbands and wives are not competent witnesses for or against each other, in any suit, in which either is a party, or in the event of which either has a direct and certain interest. Whether the testimony must be excluded where the interest is only future and contingent, it is not necessary to determine, since in this case the interest of Mrs. Pickering is immediate and certain.
The judgment of the special term must, therefore, be affirmed, with costs.